IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 CV 8186 |
| | ) | |
| v. | ) | Honorable Judge John J. Tharp, Jr. |
| | ) | |
| THE STATE OF ILLINOIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S STATUS REPORT REGARDING
THE COURT'S OCTOBER 1, 2019 ORDER**

Defendant Illinois Department of Corrections ("Defendant" or "IDOC"), by and through its attorney Kwame Raoul, Attorney General for the State of Illinois, hereby submits this Status Report regarding Defendant's compliance with the Court's October 1, 2019 Order, as follows:

1. Plaintiff Ahmad Simmons ("Plaintiff") brought his Amended Complaint in this matter against Defendant alleging that Defendant failed to provide Plaintiff was adequate medical services during the time that Plaintiff was incarcerated at Stateville Northern Reception and Classification Center ("Stateville NRC") from December 14, 2017 to January 12, 2018. The parties are currently engaged in written discovery and are working to resolve ongoing discovery disputes.

2. On October 1, 2019, the Court entered a Minute Order (the "Order") requiring Defendant to supplement its discovery responses to Plaintiff's written discovery requests "identifying at a minimum: (1) individuals assigned to the Diabetes clinic during Plaintiff's incarceration; (2) members of the medical staff during Plaintiff's incarceration; and (3) correctional officers who were assigned to transport Plaintiff to and from medical appointments and treatment sessions" by October 15, 2019. (Dkt. No. 37.)

3. Defendant has been working diligently to supplement its discovery responses, comply with the Order, and identify the individuals required by the Court.

4. On October 15, 2019, Defendant served Plaintiff's counsel via email with: (1) Defendant's Amended Responses to Plaintiff's First Set of Interrogatories; (2) Defendant's Amended Responses to Plaintiff's First Set of Requests for Production; (3) Defendant's Responses to Plaintiff's Second Set of Interrogatories; and (4) Defendant's Responses to Plaintiff's Second Set of Requests for Production (collectively, "Defendant's Discovery Responses").[1] Along with Defendant's Discovery Responses, Defendant served Plaintiff's counsel with over 300 pages of additional documents marked as IDOC000289-IDOC000591.

5. Regarding the Court's Order that Defendant identify individuals assigned to the Diabetes clinic during Plaintiff's incarceration, Defendant determined that Stateville NRC did not have a Diabetic Clinic during the time that Plaintiff was incarcerated at Stateville NRC. Consequently, no individuals were assigned to a Diabetic Clinic while Plaintiff was incarcerated. Defendant has set forth this information in its response to Plaintiff's Interrogatory No. 2.

6. Regarding the Court's order that Defendants identify members of the medical staff during Plaintiff's incarceration, Defendant has determined that members of the Stateville medical staff included employees of IDOC, as well as employees of Wexford Health Sources, Inc. ("Wexford"). Defendant produced to Plaintiff as IDOC000345-IDOC000348 a list of Wexford employees who were members of the Stateville medical staff for the months of December 2017 and January 2018. Additionally, Defendant included in its response to Plaintiff's Interrogatory No. 2 a list of IDOC employees who were members of the Stateville medical staff during Plaintiff's

---

[1] Defendant declines at this time to attach Defendant's Discovery Responses as an exhibit to this Status Report, due to the fact that this is a public filing. However, Defendant will provide Defendant's Discovery Responses to the Court if the Court wishes to review them.

incarceration. Further, Defendant produced to Plaintiff as IDOC000349-IDOC000357 the RN Weekly Assignment sheets for registered nurses working at Stateville NRC from December 11, 2017 through January 14, 2018.

7. Regarding correctional officers who were assigned to transport Plaintiff to and from medical appointments and treatment sessions, Defendant determined that IDOC does not record which specific employees escort specific inmates. However, the correctional officers, sergeants, and lieutenants assigned for duty while Plaintiff was incarcerated and who may have escorted Plaintiff can be identified through Stateville's Duty Rosters. Defendant produced to Plaintiff as IDOC000358-IDOC000591 the Duty Rosters for January 3, 2018 through January 12, 2018. Defendant requested the Duty Rosters for the remaining dates during which Plaintiff was incarcerated and has agreed to produce the remaining Duty Rosters to Plaintiff as they are received.

Dated: October 15, 2019

KWAME RAOUL
Attorney General of Illinois

Respectfully submitted,

By: */s/ Maebetty Kirby*
MAEBETTY KIRBY
Assistant Attorney General
Office of Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3649
mkirby@atg.state.il.us

*Counsel for Defendant IDOC*

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that, on October 15, 2019, she electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court.

*/s/ Maebetty Kirby*