044885/19344/MHW/JJL

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| AHMAD SIMMONS,<br><br>        Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., et al.<br><br>        Defendants. | Case Number 18 cv 8186<br><br>Honorable John J. Tharp, Jr. |

**DEFENDANTS' FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS COUNT IV AND COUNT VII OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME Defendants, CLAUDE OWIKOTI, MARY DIANE SCHWARZ, TINA TOMARAS, and WEXFORD HEALTH SOURCES, INC., by and through their attorneys, Matthew H. Weller and Joseph J. Lombardo of CASSIDAY SCHADE LLP, and for their Fed. R. Civ. P 12(b)(6) Motion to Dismiss Count IV and Count VII[1] of Plaintiff's Second Amended Complaint, state as follows:

### I. INTRODUCTION

On December 13, 2018, Plaintiff, AHMAD SIMMONS, through his retained counsel, initiated this action by filing his Original Complaint against the State of Illinois and Wexford Health Sources, Inc. ("Wexford"). (ECF #1). On March 5, 2019, Plaintiff filed his First Amended Complaint in which he substituted in the Illinois Department of Corrections ("IDOC") for the State of Illinois. (ECF #16).

On December 14, 2019, Plaintiff filed a Second Amended Complaint in which he added several individual Defendants for the first time. These Defendants included Wexford employees

---

[1] Defendants are only moving to dismiss Count VII to the extent that it was intended to apply to the claim made pursuant to 42 U.S.C. § 1983, as set forth in Count III of the Second Amended Complaint. Defendants acknowledge that *respondeat superior* is a viable theory of liability for Plaintiff's state law claims.

Tina Tomaras ("Tomaras"), a Licensed Practical Nurse; Mary Diane Schwarz ("Schwarz"), a Physician's Assistant; and Claude Owikoti, a Physician's Assistant ("Owikoti") and referred to collectively with Wexford, Tomaras and Schwarz as the "Moving Defendants"). (ECF #47 at ¶¶ 11-13).

In regard to the Moving Defendants, in his Second Complaint, Plaintiff acknowledges that he was "substantially visually impaired" prior to his incarceration with the IDOC, which began on December 14, 2017. (ECF #47 at page 1). Notwithstanding, Plaintiff claims that as a result of not receiving necessary eye drops and insulin during his approximately one-month incarceration at Stateville Northern Reception and Classification Center ("NRC"), he went completely blind. *Id.* at page 2. Specifically, as to the eye drops, Plaintiff acknowledges that he received all five (5) of his medications to keep in his cell. *Id.* at ¶¶ 41-43. However, Plaintiff alleges that he could not administer the drops by himself because of his visual impairment, and that the some Defendants, including Tomaras and Owikoti, refused to help him administer the drops. *Id.* at ¶ 45. In regard to his diabetes medication, Plaintiff acknowledged that he received insulin on a daily basis during his incarceration at the NRC. *Id.* at ¶¶ 49-52. Notwithstanding, Plaintiff alleges that Schwarz and Owikoti prescribed the wrong type of insulin. *Id.*

Based upon his factual allegations, Plaintiff sets forth seven (7) different counts in his Second Amended Complaint. Notably, in Count III, Plaintiff sets forth a claim for a violation of the Eighth Amendment against several of the individual Defendants, including Tomaras, Schwarz, and Owikoti. *Id.* at *¶¶* at 84-88. In Count IV, Plaintiff asserts a claim for "Medical Malpractice" against the Moving Defendants.[2] Lastly, in County VII, Plaintiff brings a claim

---

[2] Plaintiff also included Defendant Singh as a Defendant in Count IV, and alleged that she was an employee of Wexford. Upon investigation, it was determined that Defendant Singh was employed by the IDOC at the time giving rise to the allegations in the Second Amended Complaint. As such, the Illinois Attorney General had filed an appearance on her behalf.

under the theory of *respondeat superior* against Wexford based upon the conduct of its employees. *Id.* at ¶¶ at 89-93 . *Id.* at ¶¶ at 103-104.

The Second Amended Complaint does not include any exhibits, and is not supported by any affidavits or reports. To the contrary, both the Original and Amended Complaint, contain the same affidavit of Plaintiff's Attorney pursuant to 735 ILCS 5/2-622 ("2-622"). (ECF #1 and #16 at Exhibit 1). In this affidavit, Plaintiff attorney states:

2. "I have consulted and reviewed the facts of this case with a licensed ophthalmologist who I reasonably believe: (i) is knowledgeable in the relevant issues involved in Plaintiff's medical negligence claim; (ii) has practiced within the last six years in the same area of medicine that is the subject of Plaintiff's medical negligence claim; and (iii) is qualified by experience and demonstrated competence in the subject of Plaintiff's medical negligence claim.

3. The licensed ophthalmologist with whom I have consulted has determined in a written report, after a review of the medical record, that there is a reasonable and meritorious cause for filing of Plaintiff's medical negligence claim." *Id.*

In addition, attached to both the Original and First Amended Complaint is a Report from a physician dated December 7, 2018 (the "Report"). (ECF #1 and #16 at Exhibit 2). In this Report, the attesting physician does not identify themselves by name. *Id.* Instead, they only identify themselves as "a board-certified ophthalmologist, retinal specialist, and vitreoretinal surgeon." *Id* at page 2 of 3. In regard to his opinions, the attesting ophthalmologist states that "I do not offer a specific conclusion as to the negligence of any specifically individual treating physician, assistant, or nurse…" *Id.* Instead, the attesting ophthalmologist offers the general and conclusory opinion that the medical staff at NRC's conduct "fell below the applicable standard of care, which would require that a treater ensure that a person with Mr. Simmons' level of visual impairment have a way to administer his prescribed medication eye drops." *Id.* The Report is entirely absent any reference to the management of Plaintiff's insulin medication while he was incarcerated at NRC.

3

## II. STANDARD OF REVIEW

The Court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) to determine whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegations are construed in a light most favorable to the nonmoving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

The question presented in a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged facts sufficient to state a cause of action that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), (*quoting Bell Atlantic Corp.,* 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff must plead specific facts to support the legal claims asserted in the complaint. *Id*. In other words, the plaintiff must plead facts sufficient to "raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009), (*quoting Twombly*, 550 U.S. at 556).

## III. ARGUMENT

Count IV of Plaintiff's Second Amended Complaint must be dismissed because it is fails to meet the requirements of 2-622. Specifically, there is no 2-622 affidavit or report from a physician certifying that the claim is meritorious attached to it. Furthermore, the attorney affidavit and physician's Report attached to the Original and First Amended Complaint are insufficient to support Plaintiff's medical negligence claim. Moreover, in regard to Count VII, Plaintiff's claim against Wexford for *respondeat superior* is not applicable to his claim made

against Wexford's employees pursuant to 42 U.S.C. § 1983 (as set forth in Count III of the Second Amended Complaint).

### A. Count IV of the Second Amended Complaint Should Be Dismissed

Section 2-622 states, in pertinent part:

> "(a) In any action…in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, the plaintiff's attorney or the plaintiff, if the plaintiff is proceeding pro se, shall file an affidavit, attached to the original and all copies of the complaint, declaring the following: That the affiant has consulted and reviewed the facts of the case with a health professional who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) ***practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action***; and (iii) is qualified by experience or demonstrated competence in the subject of the case; that the reviewing health professional has determined in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of such action; and that the affiant has concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action." *735 ILCS 5/2-622(a).* [emphasis added]

"While the affidavit and report requirements imposed on plaintiffs under Section 2-622 of the Code do not rise to the level of substantive elements of a claim for medical malpractice, neither should they be viewed as empty formalism." *Mueller v. North Suburban Clinic, Ltd*., 299 Ill. App. 3d 568, 578 (1st Dist. 1998). "The requirements of section 2-622 are neither complex nor unduly onerous." *Geigoldt v. Condell Med. Ctr*., 328 Ill. App. 3d 907, 914 (2nd Dist. 2002). "When the plaintiff fails to satisfy the requirements of section 2-622(a)(1) of the Code, *a dismissal is mandatory*." *Hull v. Southern Ill. Hosp. Servs*., 356 Ill. App. 3d 300, 305 (5th Dist. 2005)[emphasis added].

1. **Count IV Should Be Dismissed Because Plaintiff Failed to Attach a 2-622 Report to His Second Amended Complaint**

In the case at bar, Plaintiff brings a claim for "Medical Malpractice" against the Moving Defendants in Count IV of the Second Amended Complaint. (ECF #47 at page 17). Thus, Count IV falls under the purview of 2-622. As such, Plaintiff may not proceed with his claim as set forth in Count IV without a 2-622 affidavit and a report from qualified health professional stating that Plaintiff has a reasonable and meritorious cause for the filing of his action. Thus, by failing to attach an affidavit of his attorney and a report of a qualified health professional supporting his allegations, Count IV should be dismissed based upon Plaintiff's non-compliance with 2-622.

2. **Count IV Should Be Dismissed Because the 2-622 Report He Attached to his Prior Pleadings Is Insufficient As It Lacks the Requisite Specificity**

It is unknown to the Moving Defendants as to whether the omission of the 2-622 affidavit and physician's report from the Second Amended Complaint was based upon inadvertence or was intentional. In either event, the deficiencies of the Second Amended Complaint cannot be simply cured by just attaching the Affidavit and Report that were attached to the Original and First Amended Complaint, as they are insufficient to support Count IV of the Second Amended Complaint.

To this end, a 2-622 Report must conclude that there is a reasonable and meritorious basis for a medical negligence claim and explain the reasons for that determination. *Maldonado v. Sinai Med. Grp., Inc.*, 2008 WL 161671, at *6 (N.D. Ill. 1/16/2008); *see also Robar v. Wexford Hlth Srcs, Inc.*, 2007 U.S. Dist. LEXIS 41137 at *5, 2007 WL 1673161 (C.D. Ill. 6/6/07). Illinois courts have held that a plaintiff's 2-622 report must "specifically discuss the involvement of each defendant and must consist of more than generalized conclusions of malpractice." *Jacobs v. Rush North Shore Medical Center,* 284 Ill. App. 3d 995, 1000 (1st Dist. 1996); *see also Moss v.*

*Gibbons*, 180 Ill. App. 3d 632, 638 (4th Dist. 1989). Opinions under Sec. 2-622 must be specific to the defendant accused of medical negligence. *Maldonado*, 2008 U.S. at *21 (*citing Jacobs* at 1000). The Northern District of Illinois explained the requirements of 2-622 based on Illinois law in *Ortiz v. United States*:

> "A report is still insufficient, though, where it relies on general conclusions of malpractice. Instead, the report must describe both the deficiencies in medical care that gave rise to plaintiff's claim and the reviewing professional's reasoning. Further, the report must state either the standard of care or an appropriate alterative course of treatment. In the latter instance, the report must also explain how, rather than merely assert that, plaintiff's condition could have been improved by the alternative conduct." *Ortiz,* 2014 U.S. Dist. LEXIS 20270 * 8-9 (N.D. Ill. 2/19/14).

Here, the Report fails to specifically discuss the involvement of the Moving Defendants, how the Moving Defendants acted negligently in treating Plaintiff, or identify what the Moving Defendants did to breach the standard of care with any particularity. (*See* ECF #1 and #16 at Exhibit 2, pages 2 of3). There is not even an attempt to differentiate the purported actions of the Moving Defendants from the IDOC Defendants and other nonparty Wexford medical staff. *Id.* In fact, the attesting ophthalmologist specifically states that he is "not offer[ing] a specific conclusion as to the negligence of any specifically individual treating physician, assistant, or nurse…" *Id.* Instead, the attesting ophthalmologist simply makes a general and conclusory statement that all medical staff at NRC failed to ensure that he was being administered his medication eye drops. *Id.* However, this generalized conclusion of malpractice is insufficient under 2-622. *Jacobs* at 1000.

Moreover, the Report is fatally flawed as it does not set forth the appropriate standard of care, an alternative course of treatment, or how the alternative course of treatment would have improved Plaintiff's condition. Instead, the attesting physician merely makes conclusory and

generalized opinions without any further detail or supporting information. Notably, even though Plaintiff's medical negligence claims against Schwarz and Owikoti are largely based upon their management of his insulin medication, the attesting ophthalmologist does not even reference this issue in his Report (nor would he be qualified to do so). *See Id.* Accordingly, the lack of specificity regarding the alleged negligence of the Moving Defendants requires mandatory dismissal of Count IV of the Second Amended Complaint.

**3. Count IV Should Be Dismissed Pursuant to 2-622 Because the Attesting Ophthalmologist That Generated the Report Attached to Plaintiff's Prior Pleadings Is Not in the Same Area of Medicine as the Moving Defendants**

Section 2-622 requires that a plaintiff's attorney file an affidavit that certifies that they have reviewed the facts of the case with a health professional who the affiant reasonably believes "practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in the particular action." *735 ILCS 5/2-622(a)(ii).*

In his Original and First Amended Complaint, Plaintiff attached an affidavit from his attorney stating:

> "I have consulted and reviewed the facts of this case with a licensed ophthalmologist who I reasonably believe: (i) is knowledgeable in the relevant issues involved in Plaintiff's medical negligence claim; (ii) has practiced within the last six years in the same area of medicine that is the subject of Plaintiff's medical negligence claim; and (iii) is qualified by experience and demonstrated competence in the subject of Plaintiff's medical negligence claim." (ECF #1-1 at page 2 of 3; ECF #16-1 at page 2 of 3).

Notwithstanding this assertion by Plaintiff's counsel, the attesting ophthalmologist's Report provides no basis for Plaintiff's counsel to believe that he or she is knowledgeable in the "relevant issues involved in the particular action" as to a nurse or nurse practitioner. *Id* at Exhibit

8

2. Furthermore, there is no bases to assert that the attesting ophthalmologist, "practices or has practiced" in the area of nursing, primary care, or management of insulin for diabetic patients in the past 6 years.

To the contrary, the attesting ophthalmologist states in his Report: "I am a board-certified ophthalmologist, retinal specialist, and vitreoretinal surgeon….I specialize in treating patients with diabetes-related eye conditions including macular edema, glaucoma, and diabetic retinopathy." (ECF #1-2 at page 2 of 3; ECF #16-2 at page 2 of 3). The attesting ophthalmologist does not appear to have any training or experience in nursing or as a primary care physician. Specifically, he or she does not have experience or training in medication administration by a nurse, which is the basis of the claims against Tomaras; or in management of insulin medication for a diabetic patient, which is the basis of the claims against Owikoti and Schwarz. Put simply, the attesting ophthalmologist never sees patients under the "same or similar circumstances" as the Moving Defendants would have seen Plaintiff in this case. As such, the attesting ophthalmologist has no basis whatsoever to offer opinions as to what a reasonably well-qualified and careful nurse and primary care physician would or should have done under the same or similar circumstances. *Advincula v. United Blood Servs.*, 176 Ill. 2d 1, 23 (1996). Consequently, Plaintiff has not met the requirements of 2-622.

### B. Count VII of Plaintiff's Second Amended Complaint Should Be Dismissed to the Extent that It Applies to Plaintiff's Eighth Amendment Claim

It is well established that the doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. § 1983. *Vance v. Peters*, 97 F.3d 987, 990 (7th Cir. 1996). In Count III of his Second Amended Complaint, Plaintiff attempts to impose liability on Defendants, Tomaras, Schwarz, and Owikoti pursuant to § 1983. (ECF #47 at 17). In Count VII, Plaintiff sets forth a claim under the theory of "Respondeat Superior" against Wexford for the conduct of Defendants,

Tomaras, Schwarz, and Owikoti. *Respondeat superior* is inapplicable to claims made pursuant to § 1983. Thus, to the extent that Count VII is meant to apply to Plaintiff's § 1983 claims, this claim should be dismissed as a matter of law.

WHEREFORE, WHEREFORE, Defendants, GHALIAH OBAISI, as Independent Executor of the Estate of SALEH OBAISI, M.D., Deceased, and WEXFORD HEALTH SOURCES, INC., respectfully request that this Honorable Court enter an Order"

1) Dismissing Count IV of Plaintiff, AHMAD SIMMONS', Second Amended Complaint, with prejudice;

2) Dismissing Count VII of Plaintiff, AHMAD SIMMONS', Second Amended Complaint, to the extent that it applies to claims made pursuant to § 1983; and,

3) For whatever further relief this Court deems fair and just.

        Respectfully submitted,

        CASSIDAY SCHADE LLP

        By: /s/ *Joseph J. Lombardo*_____
        One of the Attorneys for Defendants,
        CLAUDE OWIKOTI, MARY DIANE
        SCHWARZ, TINA TOMARAS, and
        WEXFORD HEALTH SOURCES, INC.

Matthew H. Weller/ ARDC No. 6278685
Joseph J. Lombardo/ARDC No. 6306466
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – fax
mweller@cassiday.com
jlombardo@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2020, I electronically filed the foregoing document with the clerk of the court for Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Joseph J. Lombardo

9488081 JLOMBARD;JLOMBARD