# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:18-cv-08186 |
| v. | ) | |
| | ) | |
| THE STATE OF ILLINOIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### PLAINTIFF RULE 30(b)(6) NOTICE THE
### ILLINOIS DEPARTMENT OF CORRECTIONS

Pursuant to Federal Rules of Civil Procedure 30(b)(6), Plaintiff hereby provides notice that he will depose defendant Illinois Department of Corrections on March 15, 2022, beginning at 10:00 a.m. at 311 N. Aberdeen Street, Third Floor, Chicago, IL 60607, to designate a person or persons to testify on its behalf. The person or persons so designated should be prepared to testify on the following matters:

1. **Delivery of medication**

   1.1. The factual basis for the "staffing grid" described in the 2018 *Lippert v. Godinez* expert report, *see Lippert v. Godniez*, No. 1:10-cv-04603, ECF 767-4, at Page 112 of 116, PageID #:12029 (N.D. Ill. Nov. 14, 2018).

   1.2. The number of medical staff vacancies at the Northern Reception Center ("NRC") during Plaintiff's incarceration.

   1.3. The effect of medical staff vacancies at NRC during Plaintiff's incarceration on the delivery of medications to persons imprisoned at the NRC.

   1.4. The names of the persons who administered Plaintiff's eye medication during his incarceration at NRC, the times and dates they administered the eye medication, and the location and availability of documents that could reasonably be expected to identify each such person.

   1.5. The locations, times, and dates where Plaintiff's eye medication was administered during his incarceration at NRC and the location and availability of documents that could reasonably be expected to reflect said locations

1

1.6. The persons who transported Plaintiff for administration of eye medication during his incarceration at NRC and the location and availability of documents that could reasonably be expected to identify each such person.

1.7. The recording of the administration of Plaintiff's eye medication during his incarceration at NRC, including the development of documentation, the recording of administration, the coordination of documentation, and the storage of documentation; and the location and availability of documents that could reasonably be expected to reflect each of these topics.

## 2. Transportation

2.1. The identities of each person who transported Plaintiff within the NRC, the dates and times each such person transported Plaintiff, and the location and availability of documents that could reasonably be expected to identify each such person.

2.2. The conduct of each person who escorted Plaintiff within the NRC, including the manner in which each person escorted Plaintiff, in particular the conduct described in paragraphs 53-55 of Plaintiff's second amended complaint, *see* ECF 47, and the location and availability of documents that could reasonably be expected to identify the conduct of each such person.

## 3. Pre-Parole Board

3.1. The dates on which Plaintiff appeared before (or communicated with) a pre-parole board during his incarceration at NRC and the location and availability of documents that could reasonably be expected to reflect each such appearance and the matters addressed during each such appearance or communication.

3.2. The members of each pre-parole board before Plaintiff appeared (or communicated with) during his incarceration at NRC and the location and availability of documents that could reasonably be expected to identify each such member.

3.3. The name of the Residential Reentry Center ("RRC") or RRCs described in paragraph 56 of Plaintiff's second amended complaint, *see* ECF 47, and the location and availability of documents that could reasonably be expected to reflect the identities of each such center.

3.4. The name of the RRC or RRCs described in paragraph 58 of Plaintiff's second amended complaint, *see* ECF 47, and the location and availability of documents that could reasonably be expected to reflect the identities of each such center.

3.5. The name and location of each RRC under contract with the State of Illinois and/or the IDOC to provide accommodations to prisoners who are released from the IDOC during the time of Plaintiff's incarceration at the NRC, and the location and availability of documents that could reasonably be expected to reflect each such RRC.

3.6. The name of each RRC or RRCs available to accept Plaintiff (considering Plaintiff's visual impairment) during his incarceration at the NRC, and the location and availability of documents that could reasonably be expected to reflect each such RRC.

3.7. The names and addresses of each person who attempted to locate an RRC for Plaintiff during his incarceration at the NRC, the attempts made by each such person to locate such an RRC, and the location and availability of documents that could reasonably be expected to identify each such person and each such attempt.

3.8. The reasons that an RRC was not located for Plaintiff, and the location and availability of documents that could reasonably be expected to reflect those reasons.

Dated: February 14, 2022

Respectfully submitted,

/s/ *Stephen H. Weil*

Stephen H. Weil – weil@loevy.com
Sarah C. Grady – sarah@loevy.com
Loevy & Loevy
311 N. Aberdeen Street
Third Floor
Chicago, IL 60607

*Attorneys for Plaintiff Ahmad Simmons*

**CERTIFICATE OF SERVICE**

I, Stephen Weil, a licensed attorney hereby certify that on February 14, 2022, I served the foregoing on counsel of record for the defendants via email:

Maebetty Kirby, mary.kirby@ilag.gov

Joseph Lombardo, jlombardo@cassiday.com

                                                /s/ Stephen H. Weil