UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD SIMMONS, | ) | |
| | ) | No. 18 CV 8186 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| THE STATE OF ILLINOIS, *et al.*, | ) | |
| | ) | February 6, 2023 |
| Defendants. | ) | |

ORDER

Before the court is Plaintiff's motion to compel Defendant Illinois Department of Corrections ("IDOC") to present a designee or designees to offer testimony in response to his Rule 30(b)(6) deposition topics. In February 2022, Plaintiff served a Rule 30(b)(6) notice of deposition detailing three categories of topics: (1) "Delivery of Medication"; (2) "Transportation"; and (3) "Pre-Parole Board." (R. 120-1.) In April 2022, IDOC objected to these topics. (R. 120-2.) Plaintiff then filed the current motion to compel in December 2022 and IDOC filed its opposition to the motion in January 2023. For the following reasons, the motion is granted as to Topic Nos. 1.4-1.7, 3.1-3.4, 3.6, and 3.7 and denied as to Topic Nos. 1.1-1.3, 2.1, 2.2, 3.5, and 3.8:

A.   Delivery of Medication

| Topic No. | Ruling |
|---|---|
| 1.1 | The motion is denied. Plaintiff fails to show the relevance of this topic or the nexus between the identified 2018 report and his incarceration from December 2017 to January 2018. Furthermore, the topic fails to "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). |
| 1.2 & 1.3 | The motion is denied. First, IDOC states that it has provided adequate documents to answer the single question posed in Topic 1.2. |

|  | Second, and more important to this court's decision, answers to questions related to these two topics are not relevant to this case. Although Plaintiff claims that no one helped him with the administration of his eye drops because the NRC's medical staff was too busy, IDOC's defense is that its staff did in fact assist Plaintiff with his eye drops. Under these circumstances, these topics are not relevant to the claims or defenses. |
|---|---|
| 1.4-1.7 | The motion is granted. Plaintiff has described these topics with specificity and the answers to these topics are relevant to the issue of whether anyone assisted Plaintiff with his eye drops. IDOC's objections are not responsive to Plaintiff's position because Plaintiff denies that there are documents supporting Diane Schwartz's testimony that the NRC staff helped him with his eye drops. As such, Plaintiff wishes to challenge this defense and asks IDOC to identify documents reflecting the following: (1) names of the individuals who administered the eye drops for Plaintiff during his stay at the NRC; (2) dates and times of those drops; (3) location where the drops were administered; (4) individuals who escorted Plaintiff to the location where drops were administered if not in his cell; and (5) the documents reflecting this information. Rule 30(b)(6) is designed to permit the deposition of institutions. It is axiomatic that institutions—as fictitious entities—do not and cannot possess any information, (R. 126 at 8 ("There would be no way for IDOC to know who administered medications to Plaintiff outside of his own medical records.")). This is why institutions must prepare designees to answer on their behalf and the designees' answers become the institutions' answers. If IDOC's designee on these topics is unable to answer Plaintiff's questions, then IDOC's official answer is that it does not know. Moreover, contrary to IDOC's objection, litigants are not required to show that a Rule 30(b)(6) deposition is the only method of discovery to gain the information they seek before issuing Rule 30(b)(6) notices. |

**B.  Transportation**

The motion is denied as to Topics 2.1 and 2.2 as framed because IDOC has represented that it does not maintain records showing the individuals who escort inmates to the "diabetic line" each day. Given this, the court will not require IDOC to engage in any internal investigation to collect the information Plaintiff says he needs to successfully prosecute his claim. That said, IDOC is ordered to prepare a

2

designee to answer questions about the common practice IDOC followed in late 2017 and early 2018 for assigning on-duty correctional officers to escort inmates from the unit where Plaintiff was jailed to the "diabetic line."

## C. Pre-Parole Board

| Topic No. | Ruling |
|---|---|
| 3.1-3.2 | The motion is granted. IDOC's objections are overruled. Here, Plaintiff wishes to learn the extent of his contact with the parole board and the identity of the board members with whom he had contact. IDOC is ordered to prepare a designee to identify the members who had contact with Plaintiff and the nature of those contacts. If IDOC does not have any responsive information, the designee can say so during the deposition. |
| 3.3-3.4 & 3.7 | The motion is granted. IDOC's objections are overruled. Although Plaintiff could have asked these questions in an interrogatory, he is not barred from using Rule 30(b)(6) to obtain the same information. IDOC is ordered to prepare a designee to: (1) identify the two RCCs and the individuals who worked on locating an acceptable RRC for Plaintiff at the deposition; (2) describe the efforts made in doing so; and (3) and describe the documents the designee reviewed to prepare his or her answers. |
| 3.5 | The motion is denied. Plaintiff fails to explain how a comprehensive list of all RRCs under state contract is relevant to the claims and defenses in this case. |
| 3.6 | The motion is granted. Although a positive answer to this topic is unlikely, if the parole board had identified an RRC willing to accept Plaintiff before placing him as it did, this information would be relevant to the issue of unnecessary delay. IDOC is thus ordered to prepare a designee to identify the RRCs (if any) other than that located for Plaintiff only if it was in fact aware that these other RRCs were willing to accept Plaintiff before his actual placement. If none, the designee may say so at the deposition. |
| 3.8 | The motion is denied because the topic erroneously presumes that the parole board failed to locate an RRC for Plaintiff. His own allegation in Paragraph 59 shows that the parole board indeed located a halfway house that accommodated his visual impairment. (R. 47 at 13 ("Plaintiff then spent approximately two more weeks at NRC while a halfway house which would accommodate his disability was located.").) |

3

**D.     Conclusion**

For the foregoing reasons, Plaintiff's motion to compel is granted in part and denied in part. IDOC is ordered to prepare and present a designee or designees to answer questions related to Topic Nos. 1.4-1.7, 3.1-3.4, 3.6, and 3.7. IDOC is further ordered to prepare a designee to answer questions about the common practice IDOC followed in late 2017 and early 2018 for assigning on-duty correctional officers to escort inmates from the unit where Plaintiff was jailed to the "diabetic line."

                                        **ENTER:**

                                        _____
                                        **Young B. Kim**
                                        **United States Magistrate Judge**