IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMAD SIMMONS, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THE STATE OF ILLINOIS, WEXFORD ) <br> HEALTH SOURCES, DOES 1-10., ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 1:18-cv-08186 |

### PLAINTIFF'S SUPLEMENT TO HIS MOTION FOR EXTENSION OF TIME

Pursuant to the Court's June 1, 2023 Order (ECF 137), Plaintiff respectfully submits this supplement to his motion for extension of time, ECF 134.

### FACTUAL BACKGROUND

1. On February 6, 2023, the Court granted Plaintiff's motion to compel the IDOC to offer one or more witnesses to testify regarding certain topics in Plaintiff's Rule 30(b)(6) notice. ECF 127.

2. The next week, Plaintiff emailed counsel for IDOC to propose deposition dates. **Ex. 1** at 18/20 [Mon, Feb 13, 2023 9:24 AM].[1]

3. On February 15, IDOC counsel announced that the IDOC would be filing a motion for extension to provide the witnesses, as she was going on maternity leave, and did not know who within the AG's office would replace her. *Id.* at 17/20 [Wed, Feb 15, 2023 at 11:39 AM].

4. Counsel for Plaintiff responded that Plaintiff would not object to a reasonable

---

[1] The "nn/nn" pagination notation refers to the email pagination stamp in the lower-right-hand corner of the email chain exhibits.

extension, but not an extensive one, which had been required in other cases because replacement counsel for the Attorney General's office would be placed on the case with no transition, and require long extensions to learn the case fresh. *Id.* at 15/20 [Wed, Feb 15, 2023 12:53 PM].

5. Counsel for IDOC stated that she understood Plaintiff's position and was working with IDOC to identify witnesses so that "so that at least that will be done before I leave and then the only thing will be to schedule them, so that the new person doesn't have to take time to review the case and 30b6 topics." *Id.* 15/20 [Wed, Feb 15, 2023 at 1:04 PM]

6. Plaintiff counsel responded that he would check back in two days to identify dates certain for deposing the Rule 30(b)(6) witnesses. *Id.* at 14/20 [Mon, Feb 20, 2023 3:15 PM]. IDOC counsel responded two days later, stating that she was still waiting to hear from the IDOC who each Rule 30(b)(6) witness would be. *Id.* at 13/20 [Wed, Feb 22, 2023 at 12:17 PM].

7. On March 7, Plaintiff counsel followed up to check on the status of the witnesses. *Id.* at 11/20 [Tue, Mar 7, 2023 at 11:14 AM]. He received a bounce-back indicating that IDOC counsel had gone out on maternity leave, and inquired with forwarding counsel in the AG's office about whom to contact to complete the depositions. *See id.* at 10/20 [Tue, Mar 7, 2023 at 11:20 AM].

8. Plaintiff's counsel received no response, and followed up two days later, on March 9, with forwarding counsel. *Id.* at 10/20 [Thu, Mar 9, 2023 11:46 AM]. Forwarding counsel responded, the same day, identifying new counsel for the AG's office (Ms. Mallory) being assigned to the case. *Id.* at 9/20 [Mar 9, 2023 at 11:52 AM]. Plaintiff counsel promptly emailed the IDOC's new counsel, asking when the Rule 30(b)(6) witnesses would be available and noting the need for an extension. *Id.* at 9/20 [Thu, Mar 9, 2023 12:26 PM]

9. On March 9 IDOC's new counsel then responded and asked for a 65-day extension. *Id.* at 8/20 [Thu, Mar 9, 2023 at 12:33 PM]. Plaintiff counsel asked why such a

2

lengthy extension was necessary, *id.* at 7/20 [Fri, Mar 10, 2023 8:57 AM], and the new IDOC counsel responded that she would need a lengthy period to prepare the witnesses, and she already had a full caseload. *Id.* at 6-7/20 [Fri, Mar 10, 2023 at 9:00 AM].

10. Plaintiff counsel responded on March 10 and offered a shorter period, but stated Plaintiff could not consent to such a lengthy extension. *Id.* at 6/20 [Fri, Mar 10, 2023 3:18 PM]

11. On March 10, the IDOC filed its motion for a lengthy extension, noting that Plaintiff did not consent to the length of extension requested by IDOC. ECF 129 ¶ 6.

12. On March 11, 2023, this Court granted the IDOC's motion, which Plaintiff opposed, for extension of time to present a witness in response to Plaintiff's Rule 30(b)(6) notice. ECF 130.

13. On March 29, counsel for IDOC and Plaintiff began arranging a telephone conference to discuss the topics in the Rule 30(b)(6) notice. *See* Ex. 1 at 3-5/20.

14. On or about April 5, counsel for the parties held a call to discuss the Rule 30(b)(6) deposition topics. Counsel for the IDOC followed up on April 12. *Id.* at 2/20 [Wed, Apr 12, 2023 at 10:52 AM]. In addition to addressing a topic regarding the PRB (not relevant to Plaintiff's current motion for extension), she noted that the IDOC had not identified witnesses for the other topics in the notice. *Id.*

15. On April 13, Plaintiff responded. *Id.* at 1/20 [Thu, Apr 13, 2023 9:15 AM]. He noted that the IDOC's previous counsel had told him in February that the IDOC was working to identify witnesses for the topics, and asked why the IDOC was still searching for witnesses. *Id.* Counsel for the IDOC responded, "I don't work for the IDOC," and told Plaintiff's counsel she would let Plaintiff know when the IDOC had identified witnesses. *Id.* at 1/20 [Thu, Apr 13, 2023 at 10:19 AM].

16. On April 18, a paralegal with the AG's office emailed Plaintiff two deposition

3

dates. **Ex. 2** at 24/25 [Tue, Apr 18, 2023 at 3:37 PM]. One date, for topics not relating to this motion, was for May 18, 2023. The second date, for topics relating to this motion, was for June 8, 2023. *See id.* at 23-24/25 [Tue, Apr 18, 2023 4:12 PM]. Noting that June 8 was past the discovery deadline, Plaintiff counsel asked if earlier dates would be available. *Id.* IDOC counsel stated that there were no earlier dates. *Id.* at 22/25 [Wed, Apr 19, 2023 at 10:24 AM]

17. On April 21, Plaintiff counsel requested the names of the persons providing testimony. *Id.* at 20/25 [Fri, Apr 21, 2023 4:24 PM]. For Topics 1.4-1.7, which are the subject of Plaintiff's present motion for extension, IDOC counsel identified Lidia Diaz. *Id.* at 20/25 [Fri, Apr 21, 2023 at 4:37 PM]. IDOC counsel further stated:

> I just want to note, as I'm sure you are aware, Wexford provides medical care in Illinois prisons and most of the medical staff at Stateville are Wexford employees. Diaz will have to rely on medical records for much of what is listed under the "Delivery of Medication" section in Judge Kim's order --she would not have any personal knowledge/recollection about things likewho administered eye drops.

18. Plaintiff counsel responded the same day:

> Wexford the IDOC's vendor, and as such it is the IDOC's agent for purposes of the ADA and the Rehab Act. Is the IDOC not attempting to obtain Wexford's knowledge about the subject matter of the topic?

*Id.* at 19/25 [Fri, Apr 21, 2023 4:40 PM]

19. IDOC counsel responded asking for authorities to support Plaintiff's position, *id.* 19/25 at [Fri, Apr 21, 2023 at 4:51 PM], Plaintiff replied shortly thereafter identifying legal authority, *id.* 18/25 [Fri, Apr 21, 2023 at 5:02 PM]. Plaintiff counsel followed up that email with another, stating:

> In light of your 4:37 pm email, the additional point I'd like to emphasize is that it is not enough for the IDOC to ask employees whether they remember something or ask them simply to look at medical records that we already have in production. Rule 30(b)(6)requires the organization to look for information responsive to a topic that is "reasonably available" to the organization. In this case, that would mean, among other things, searching for or investigating the existence of the additional / auxiliary MARs that Schulz testified staff filled out for Mr. Simmons's eye drops. If an investigation is not conducted, the IDOC's obligations

4

under Rule 30(b)(6) will not have been fulfilled.

*Id.* at 17-18/25 [Fri, Apr 21, 2023 5:08 PM]. IDOC counsel responded a few moments later indicating disagreement with Plaintiff's legal position. *Id.* at 17/25 [Fri, Apr 21, 2023 at 5:59 PM]

20. On April 25, Plaintiff counsel responded to the IDOC and requested a Rule 37 conference with the IDOC to confer over the IDOC's position on topics 1.4-1.7. *Id.* at 16/25 [Tue, Apr 25, 2023 at 1:57 PM]. In so doing, Plaintiff counsel set out Plaintiff's legal position again. *Id.*

21. In response to this message Plaintiff received an out-of-office notice that IDOC counsel was on trial through May 1. *See* **Ex. 3**. On May 2, following up on the conclusion of IDOC counsel's trial, Plaintiff counsel emailed again asking for a Rule 37 conference. Ex. 2 at 15/25 [Tue, May 2, 2023 2:13 PM].

22. On May 3, IDOC counsel responded, agreeing to a second Rule 37 conference (for which she proposed May 8), and setting out the IDOC's legal position. *Id.* at 14/25 [Wed, May 3, 2023 at 8:34 AM]

23. Plaintiff counsel responded the next day, agreeing to hold the conference on May 8, and elaborating on Plaintiff's legal position. *Id.* at 13-14/25 [Thu, May 4, 2023 3:28 PM].

24. Counsel held their conference on May 8, and Plaintiff counsel sent a follow-up email to memorialize the parties' discussion at the conference. *Id.* at 11-12/25 [Mon, May 8, 2023 1:27 PM].

25. Counsel for the IDOC emailed on May 15, stating that the IDOC witness was checking flowsheets as another location responsive to Topics 1.4-1.7. *Id.* at 10-11/25 [Mon, May 15, 2023 at 4:02 PM]

26. Plaintiff responded the next day, noting the witness should be prepared to explain

5

why responsive information would be located in the flowsheets. *Id.* at 10/25 [Tue, May 16, 2023 9:41 AM].

27. On May 24, IDOC counsel provided an update, stating that no flowsheets had been found. *Id.* at 9/25 [Wed, May 24, 2023 at 11:50 AM].

28. Plaintiff counsel responded the same day, thanking IDOC counsel for the information and continuing:

> Again, we would want the deponent to be able to testify that Places X, Y, Z would be the places to lookfor the documents Schwarz claims to exist, and we did not find responsive documents in Places X, Y, Z[or, we did find responsive documents in X, Y, or Z].

*Id.* at 8/25 [Wed, May 24, 2023 12:32 PM]. IDOC counsel replied that the IDOC would try to comply with the Judge's order, "Nothing more and nothing less." *Id.* at 7-8/25 [Wed, May 24, 2023 at 12:38 PM].

29. Plaintiff responded a few minutes later seeking clarification, *id.* at 7/25 [Wed, May 24, 2023 12:58 PM].

30. Then, over the next five days, counsel for the parties exchanged 11 emails going back and forth in disagreement over the scope of the Rule 30(b)(6) deposition and the IDOC's obligations to prepare a witness. *See id.* at 1-7/25. Ultimately, on May 31, the parties concluded that they were at issue, and Plaintiff informed counsel for the IDOC that Plaintiff would be filing a motion to compel. *See id.* at 1/25 [Wed, May 31, 2023 at 12:39 PM].

## DISCUSSION

As the attached correspondence indicates, Plaintiff has been unflag in attempting to meet and confer with counsel for the IDOC regarding the matter in dispute, which is the matter Plaintiff seeks to bring before the Court in a motion to compel. It has taken some time to come to issue regarding the matter, but that delay has not been caused by any indolence on Plaintiff's part. Rather, as the correspondence indicates, while the IDOC began to prepare a witness in

6

February 2023, it did not identify witnesses to testify regarding Topics 1.4-1.7 until April 21, 2023. *See supra* ¶ 17.

The matter in dispute between the parties did not begin to crystallize when the IDOC identified witnesses and announced limitations on their testimony. *Supra* ¶ 17. And while Plaintiff made every effort to set out Plaintiff's position, the dispute did not crystallize further until May 24, 2023, when IDOC counsel announced that certain documents could not be located. *Id.* ¶ 28. Over the next few days Plaintiff promptly brought the dispute to issue. *See id.* ¶¶ 28-30.

## CONCLUSION

In light of the foregoing, Plaintiff respectfully submits there is good cause for the extension of time that Plaintiff has requested.

Dated: June 8, 2023

Respectfully submitted,

/s/ *Stephen H. Weil*
 Stephen H. Weil

Arthur Loevy
Stephen Weil
Maria Makar
Loevy & Loevy
311 N. Aberdeen Street, Third Floor
Chicago, IL 60607
312-243-5900
weil@loevy.com
*Attorneys for Plaintiff Ahmad Simmons*

7