# EXHIBIT 2



Steve Weil <weil@loevy.com>

---

## Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186
1 message

**Steve Weil** <weil@loevy.com>                                    Wed, May 31, 2023 at 12:39 PM
To: "Andonova Mallory, Elizabeth" <E.AndonovaMallory@ilag.gov>
Cc: Maria Makar <makar@loevy.com>, "Daniel, Marriam" <Marriam.Daniel@ilag.gov>

> We'll be filing a motion for a one-month extension today, so that we can proceed with a Rule 37 motion.
> --
> Stephen H. Weil
> LOEVY & LOEVY
> 311 N. Aberdeen
> Chicago, IL 60607
> he/him
> Tel:  312-243-5900
> Fax: 312-243-5902
> weil@loevy.com
>
>
>
> On Wed, May 31, 2023 at 12:21 PM Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov> wrote:
>> I take no position on the extension for conducting depositions but oppose it if the plan is to repeat the
>> discussions we've been having about them thus far. I also note my out-of-office dates because they may cause
>> scheduling delays if the court grants an extension, especially considering that I already have depositions
>> planned for June and July. As to unnecessary delay, I am referring to the fact that we have had multiple meet-
>> and-confers about the same issue and that, rather than taking the depositions and determining if any motion
>> practice is necessary once they have been completed, Plaintiff instead insists that we preview what will occur
>> at the depositions.
>>
>> **Elizabeth J. Andonova Mallory**
>> *Assistant Attorney General*
>> **Office of the Illinois Attorney General**
>> 100 West Randolph Street, 13th Floor
>> Chicago, Illinois 60601
>> O: (312) 814-4355
>> C: (872) 272-0759
>>
>> ---
>>
>> **From:** Steve Weil <weil@loevy.com>
>> **Sent:** Wednesday, May 31, 2023 10:47 AM
>> **To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
>> **Cc:** Maria Makar <makar@loevy.com>; Daniel, Marriam <Marriam.Daniel@ilag.gov>
>> **Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186
>>
>> Elizabeth are you opposing a motion to extend?  And by unnecessary delay are you referring to something other than
>> our Rule 37 enforcement correspondence & conference with you about the scope of the deposition / matters covered?
>> --
>> Stephen H. Weil
>> LOEVY & LOEVY
>> 311 N. Aberdeen
>> Chicago, IL 60607
>> he/him
>> Tel:  312-243-5900
>> Fax: 312-243-5902

weil@loevy.com

On Wed, May 31, 2023 at 10:36 AM Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov> wrote:

Steve,

From Defendant's perspective, we attempted multiple times to schedule the depositions, and Plaintiff unnecessarily delayed; the depositions could have been completed by the Court's deadline. Just so you know, I will be out of the office from June 12 through June 19 and from July 17 through July 21.

Best,

Elizabeth

**Elizabeth J. Andonova Mallory**
*Assistant Attorney General*
**Office of the Illinois Attorney General**
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
O: (312) 814-4355
C: (872) 272-0759

---

**From:** Steve Weil <weil@loevy.com>
**Sent:** Tuesday, May 30, 2023 6:48 PM
**To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
**Cc:** Maria Makar <makar@loevy.com>; Daniel, Marriam <Marriam.Daniel@ilag.gov>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186

Elizabeth,

The Court's deadline for deposing the IDOC is tomorrow.  We intend to file a motion for extension given the impasse, asking for an additional month or sufficient time for the Court to resolve the impasse.  We'll also inform the court that we will be filing a motion to compel regarding our impasse by June 9.

Any objection to the extension?
 --
Stephen H. Weil
LOEVY & LOEVY
311 N. Aberdeen
Chicago, IL 60607
he/him
Tel:  312-243-5900
Fax: 312-243-5902
weil@loevy.com

On Fri, May 26, 2023 at 9:55 AM Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov> wrote:

Steve,

I am not going through this again. I have explained our position repeatedly and your disputes are premature. The Court has ruled on the deposition topics and what IDOC must do to comply. IDOC intends to comply with the order.

Best,


Elizabeth


**Elizabeth J. Andonova Mallory**

*Assistant Attorney General*

**Office of the Illinois Attorney General**

100 West Randolph Street, 13th Floor

Chicago, Illinois 60601

Office: (312) 814-4355

Cell: (872) 272-0759

E.AndonovaMallory@ilag.gov

_____

CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.


**From:** Steve Weil <weil@loevy.com>
**Sent:** Friday, May 26, 2023 9:52 AM
**To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
**Cc:** Maria Makar <makar@loevy.com>; Daniel, Marriam <Marriam.Daniel@ilag.gov>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186


So that we we have the same understanding of our dispute:


As we have discussed, topics 1.4 to 1.7 arise from a claim by Diane Schwarz at her deposition that NRC medical staff did administer the eyedrops to Mr. Simmons throughout his stay at the NRC, and that they recorded those administrations on a separate document that is not part of the medical records that have been produced in this case.


The purpose of topics 1.4 to 1.7 is to obtain testimony from the IDOC about the location of documents that could reasonably be expected to reflect different aspects of the administration of the eye drops--in so many words, if such documents exited, where would the IDOC expect to find them?


You have proposed to offer a witness who will testify that she looked at Mr. Simmons's medical records (that have been produced in this case) and that she looked in one additional location, and did not find documents responsive to topics 1.4 - 1.7. But you are refusing to have the witness identify the locations where documents responsive to topics 1.4 - 1.7 could reasonably be expected to be found. And we are at issue because of this refusal.

--

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

he/him

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Fri, May 26, 2023 at 8:48 AM Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov> wrote:

> Steve,
>
> We are at an impasse.
>
> Best,
>
> Elizabeth
>
> **Elizabeth J. Andonova Mallory**
>
> *Assistant Attorney General*
>
> **Office of the Illinois Attorney General**
>
> 100 West Randolph Street, 13th Floor
>
> Chicago, Illinois 60601
>
> Office:  (312) 814-4355
>
> Cell:     (872) 272-0759
>
> E.AndonovaMallory@ilag.gov
>
> _____
>
> CONFIDENTIALITY NOTICE:. The information contained in this communication is confidential, may be attorney-client privileged or
> attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of
> the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be
> unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this
> communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client
> privilege, attorney work product privilege, or any other exemption from disclosure.

**From:** Steve Weil <weil@loevy.com>
**Sent:** Thursday, May 25, 2023 9:38 PM
**To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
**Cc:** Maria Makar <makar@loevy.com>; Daniel, Marriam <Marriam.Daniel@ilag.gov>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186

Elizabeth are you planning to respond or should we consider ourselves at impasse?

 --

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

he/him

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Wed, May 24, 2023 at 2:55 PM Steve Weil <weil@loevy.com> wrote:

> Elizabeth,
>
> You seem to believe that I'm attempting to gain an inappropriate insight from you.  But I am trying to comply
> with our obligations under Rule 30(b)(6), particularly as it was amended in 2020, to require these conferences
> to make sure that as best we can, the parties come to a meeting of the minds on the scope and matters to be
> covered in this deposition.
>
> The advisory committee explains that the 2020 amendments to Rule 30(b)(6) were designed to address
> "ambiguously worded lists of matters for examination" on the one hand, and "inadequately prepared
> witnesses" on the other.  The committee explains that
>
> > Candid exchanges about the purposes of the deposition and the organization's information structure
> > may clarify and focus the matters for examination, and enable the organization to designate and to
> > prepare an appropriate witness or witnesses, thereby avoiding later disagreements.
>
> The committee further explains that "[t]he process of conferring may be iterative."  We are attempting such an
> iterative process here, as it appears we have made some headway, but we don't yet have a common
> understanding of the matters to be covered in the deposition.  In my 12:58 pm email from today, I've tried to
> capture the apparent mis-match.

In light of the foregoing, I would ask that you address the matters raised in my 12:58 pm email from today.


Best regards,

 --

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

he/him

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com




On Wed, May 24, 2023 at 1:42 PM Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov> wrote:

> Steve,
>
>
> We have conferred substantively about this multiple times. The deponent will either be able to answer your questions or
> she won't. I am not the deponent and I am not required to pre-answer your deposition questions via email, nor am I
> required to guarantee what answers the deponent will provide. If you no longer want to take the deposition(s), you should
> state so. Otherwise, a paralegal will reach out to reschedule the depositions and Plaintiff will have to file an MET.
>
>
> Best,
>
>
> Elizabeth
>
>
> **Elizabeth J. Andonova Mallory**
>
> *Assistant Attorney General*
>
> **Office of the Illinois Attorney General**
>
> 100 West Randolph Street, 13th Floor
>
> Chicago, Illinois 60601
>
> Office:  (312) 814-4355
>
> Cell:      (872) 272-0759
>
> E.AndonovaMallory@ilag.gov

CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**From:** Steve Weil <weil@loevy.com>
**Sent:** Wednesday, May 24, 2023 12:58 PM
**To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
**Cc:** Maria Makar <makar@loevy.com>; Daniel, Marriam <Marriam.Daniel@ilag.gov>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186

Elizabeth we've had a round of discussions on this issue before the deposition, in order to avoid multiple rounds of enforcement with the Court, and multiple depositions on the same topic.

Each of topics 1.4, 1.5, 1.6, and 1.7 asks the IDOC to identify "the location and availability of documents that could reasonably be expected to reflect" the subject matter of each of the topics. That calls for more than a statement that the IDOC searched in any particular location. It asks the IDOC to identify the locations that could reasonably be expected to contain responsive documents to the various topics.

Your deponent needs to answer that question--not just whether they searched for documents in a particular location, but which locations could reasonably be expected to contain responsive documents.

Please let me know whether your deponent will be ready to answer that line of questions. I would appreciate a substantive response, not a statement that IDOC will comply with the Court's order or that it will respond to the topics. Rule 30(b)(6) requires us to confer in substance about the matters for examination precisely to avoid disputes down the road about the scope of a topic or whether a witness was properly prepared to testify about the matters identified for examination.

 --

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

he/him

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Wed, May 24, 2023 at 12:38 PM Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov> wrote:

Steve,

The deponent will prepare to the best of her ability to comply with the Court's order. Nothing less and nothing more.

Elizabeth

**Elizabeth J. Andonova Mallory**

*Assistant Attorney General*

**Office of the Illinois Attorney General**

100 West Randolph Street, 13th Floor

Chicago, Illinois 60601

Office: (312) 814-4355

Cell:     (872) 272-0759

E.AndonovaMallory@ilag.gov

_____

CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**From:** Steve Weil <weil@loevy.com>
**Sent:** Wednesday, May 24, 2023 12:32 PM
**To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>; Maria Makar <makar@loevy.com>
**Cc:** Daniel, Marriam <Marriam.Daniel@ilag.gov>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186

Thanks Elizabeth.

Again, we would want the deponent to be able to testify that Places X, Y, Z would be the places to look for the documents Schwarz claims to exist, and we did not find responsive documents in Places X, Y, Z [or, we did find responsive documents in X, Y, or Z].

If your deponent is prepared to testify along those lines, we're ready to take the deposition.

Best regards,

6/8/23, 3:58 PM
Case: 1:18-cv-08186 Document #: 148-2 Filed: 06/08/23 Page 10 of 26 PageID #:1005
Gmail - Re: [EXTERNAL] Re: Depositions/documents in Illinois v. Wexford

- Steve

--

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

he/him

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Wed, May 24, 2023 at 11:50 AM Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
wrote:

> Steve,

> No flowsheets were found in response to my request. I will have one of our paralegals reach out to you to
> reschedule the outstanding depositions.

> Best,

> Elizabeth

> **Elizabeth J. Andonova Mallory**
> *Assistant Attorney General*
> **Office of the Illinois Attorney General**
> 100 West Randolph Street, 13th Floor
> Chicago, Illinois 60601
> Office:  (312) 814-4355
> Cell:     (872) 272-0759
> E.AndonovaMallory@ilag.gov

> _____

> CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client
> privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is

intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**From:** Steve Weil <weil@loevy.com>
**Sent:** Tuesday, May 16, 2023 9:41 AM
**To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
**Cc:** Daniel, Marriam <Marriam.Daniel@ilag.gov>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186

Thanks Elizabeth.  If there are any flowsheets relating to Mr. Simmons, those would be responsive to our document requests and we would ask that they be produced upon identification.

In terms of Ms. Diaz's testimony, we would ask that she be prepared to explain why the only other location for responsive information would be the flowsheets.  (It sounds as though she is gathering this information already.)

Best regards,

Steve

 --

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Mon, May 15, 2023 at 4:02 PM Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov> wrote:

> Steve,
>
> I spoke with Ms. Diaz today regarding the below, and she stated other than the MARs, the only other place there might have been relevant notations regarding the administration of eyedrops is on the flowsheets. I have requested that the facility checks for any flowsheets and will let you know if they produce anything relevant. If they do, Ms. Diaz will also review the flowsheets prior to the deposition.

Best,

Elizabeth


**Elizabeth J. Andonova Mallory**

*Assistant Attorney General*

**Office of the Illinois Attorney General**

100 West Randolph Street, 13th Floor

Chicago, Illinois 60601

O: (312) 814-4355

C: (872) 272-0759

---

**From:** Steve Weil <weil@loevy.com>
**Sent:** Monday, May 8, 2023 1:27 PM
**To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186


Hello Elizabeth,


I'm following up on our call this morning to make sure we're on the same page about where things stand:


You indicated that to prepare for Topics 1.4 to 1.7, the IDOC's Rule 30(b)(6) witness would be reviewing medical records that have been produced in this case. I explained that this would not be sufficient preparation for our purposes, because Topics 1.4 to 1.7 were intended to test assertions that Diane Scwharz made at her deposition that NRC staff had administered and tracked administration of the eye drops to Mr. Simmons on documents *other than* the medical records that have been produced. Because Ms. Schwarz claimed that the administration of Mr. Simmons's eye drops was recorded on other documents *not* included in his medical records, simply reviewing his medical records would not constitute sufficient preparation of the Rule 30(b)(6) witness in these circumstances.


In light of this information, you responded that you would be discussing with the IDOC what steps could be taken to prepare a witness, and that you would let me know how IDOC planned to proceed in a follow-up conference.


I believe we discussed holding that follow-up call next week, but I may be mistaken as to the specific date. Please advise.

6/8/23, 3:58 PM
Case: 1:18-cv-08186 Document #: 143-2 Filed: 06/08/23 Page 13 of 26 PageID #:1006
Gmail - Deposition Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186

We also discussed identifying a deposition date for the other IDOC Rule 30(b)(6) witness. We will get back to you on that.

Best regards,

- Steve

--

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel: 312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Mon, May 8, 2023 at 9:04 AM Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov> wrote:

> That's fine but I have a hard stop at 9:30.
>
> Elizabeth J. Andonova Mallory
> *Assistant Attorney General*
> **Office of the Illinois Attorney General**
> 100 West Randolph Street, 13th Floor
> Chicago, Illinois 60601
> O: (312) 814-4355
> C: (872) 272-0759
>
> ---
>
> **From:** Steve Weil <weil@loevy.com>
> **Sent:** Monday, May 8, 2023 8:53 AM
> **To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
> **Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186
>
> Elizabeth I'm going to be a few minutes late getting to my desk. Can we do 9:15?
>
> Get Outlook for iOS
>
> ---
>
> **From:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
> **Sent:** Friday, May 5, 2023 7:43:13 AM
> **To:** Steve Weil <weil@loevy.com>
> **Cc:** Chambers, Wayne <Wayne.Chambers@ilag.gov>; Daniel, Marriam

<Marriam.Daniel@ilag.gov>; Dana Ferraro <kondos@loevy.com>; Maria Makar
<makar@loevy.com>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186


9:00 am on 5/8 works for me. You can call me on my cell.


Best,


Elizabeth


**Elizabeth J. Andonova Mallory**
*Assistant Attorney General*
**Office of the Illinois Attorney General**
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
O: (312) 814-4355
C: (872) 272-0759

---

**From:** Steve Weil <weil@loevy.com>
**Sent:** Thursday, May 4, 2023 3:28 PM
**To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
**Cc:** Chambers, Wayne <Wayne.Chambers@ilag.gov>; Daniel, Marriam
<Marriam.Daniel@ilag.gov>; Dana Ferraro <kondos@loevy.com>; Maria Makar
<makar@loevy.com>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186


Elizabeth,


I'm wide-open on 5/8.  How about we talk in the morning?  I propose we talk at 9:00, but let me
know if some other time is preferable.


To facilitate our Rule 37 conference and help us determine whether we are going to need to
seek the Court's intervention, I would ask that you be prepared to describe what sort of
investigation will be done to prepare the Rule 30(b)(6) witness.


I ask this in light of the underlying requirement that while


> it is not uncommon to have a situation ... where a corporation indicates that it no longer
> employs individuals who have memory of a distant event or that such individuals are
> deceased.... These problems do not relieve a corporation from preparing its Rule 30(b)
> (6) designee to the extent matters are reasonably available, whether from documents,
> past employees, or other sources."


*Chicago Reg'l Council of Carpenters Pension Fund v. Woodlawn Cmty. Dev. Corp.*, 2011 WL
6318605, at *4 (N.D. Ill. Dec. 15, 2011) (quotation omitted).

Thanks,

- Steve

--

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com


On Wed, May 3, 2023 at 8:34 AM Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov> wrote:

> Steve,
>
> We can do a meet-and-confer but we cannot meet your demands for the impossible. If IDOC does not have the information, it does not have it. There is absolutely no requirement that IDOC conduct an extensive investigation into the testimony of a Wexford witness to prove Plaintiff's case for him, which is what you are requesting. The Court specifically stated in the order regarding topics 1.4-1.7 that "[i]f IDOC's designee on these topics is unable to answer Plaintiff's questions, then IDOC's official answer is that it does not know." Dkt. 128 at p. 2. As I have repeatedly stated, the designees will be prepared to testify to the topics to the extent possible. The IDOC will not, however, be acting as Plaintiff's private investigator.
>
> I am available on 5/8 for a call – let me know what times work for you. In the meantime, please identify what follow-up you did on Schwarz's testimony and what responses you received. I will also note that I am no longer available the morning of 5/18 for the deposition due to a court hearing.
>
> Best,
>
> Liz
>
> **Elizabeth J. Andonova Mallory**
>
> *Assistant Attorney General*
>
> **Office of the Illinois Attorney General**
>
> 100 West Randolph Street, 13th Floor
>
> Chicago, Illinois 60601

Office: (312) 814-4355

Cell:  (872) 272-0759

E.AndonovaMallory@ilag.gov

_____

_____

CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**From:** Steve Weil <weil@loevy.com>
**Sent:** Tuesday, May 2, 2023 2:13 PM
**To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
**Cc:** Chambers, Wayne <Wayne.Chambers@ilag.gov>; Daniel, Marriam <Marriam.Daniel@ilag.gov>; Dana Ferraro <kondos@loevy.com>; Maria Makar <makar@loevy.com>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186

Hello Elizabeth,


I assume you have returned from trial and are catching up on email.  Please let me know when you have time to discuss this matter.  I would prefer to discuss it this week, to give us time to go before the Court if that ends up being necessary.  I'm generally open this Wednesday and Thursday, or we can talk on Monday 5/8.


Thanks,


- Steve

 --

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Tue, Apr 25, 2023 at 1:57 PM Steve Weil <weil@loevy.com> wrote:

Elizabeth,

I think we should hold a meet-and-confer before we take the depositions you are proposing, so that we can try to avoid motions practice afterward. I'm particularly concerned about the testimony about topics 1.4 - 1.7.

Your Fri, Apr 21, 2023 at 4:37 PM email states that the 30(b)(6) witness will need to rely on medical records for much of the "delivery of medication" testimony. Presumably you are referring to the medical records that have already been produced in this case (if you are referring to additional records, please let us know and produce them immediately). If the witness will be relying only on produced medical records, that will not be sufficient.

We noticed the "delivery of medication" topics because notwithstanding the produced documents showing that the eye drop medications were given to Mr. Simmons KOP (keep on person), Diane Schwarz, the Wexford PA, testified that NRC staff *did* administer the eyedrops to Mr. Simmons, and that they had created an alternative MAR--not produced in discovery--on which they recorded their administration of the eye drops. The Rule 30(b)(6) topic is designed to test the truth of this testimony. But relying only on the MARs already produced in discovery will not test it at all--again, Ms. Schwarz claimed that the *actual* administration of medication was recorded on other documents.

At a minimum, therefore, we would expect the IDOC to:

     (1) interview other persons who might have been involved in administration / recording, or had knowledge of it--including Wexford personnel

     (2) search computer files or other document repositories to locate this alternative MAR

     (3) search for evidence that Mr. Simmons was transported from his cell to the infirmary (or that medical staff went to Mr. Simmons's cell) to administer the drops at the various times administration was called for.

We request a meet-and-confer to determine whether the IDOC plans to do these things (or something similar) to prepare for the Rule 30(b)(6) testimony.

Thanks,


- Steve

  --

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel: 312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Fri, Apr 21, 2023 at 5:59 PM Andonova Mallory, Elizabeth
<E.AndonovaMallory@ilag.gov> wrote:

> Steve,
>
> The New York district court case you cited is not on point. In that case, the 30(b)
> (6) deponent did basically nothing to prepare. At no point have I stated that the
> designees are not going to prepare. I stated the opposite -- that Ms. Diaz will
> review medical records in order to prepare but that she would not have personal
> knowledge or recollection about these topics. MARs are part of the medical
> records, so if they exist, Diaz will have reviewed them. Please send the NODs so
> that we don't end up having to reschedule.
>
> Elizabeth
>
> **Elizabeth J. Andonova Mallory**
>
> *Assistant Attorney General*
>
> **Office of the Illinois Attorney General**
>
> 100 West Randolph Street, 13th Floor
>
> Chicago, Illinois 60601
>
> O: (312) 814-4355
>
> C: (872) 272-0759
>
> ---
>
> **From:** Steve Weil <weil@loevy.com>
> **Sent:** Friday, April 21, 2023 5:08 PM
> **To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
> **Cc:** Chambers, Wayne <Wayne.Chambers@ilag.gov>; Daniel, Marriam
> <Marriam.Daniel@ilag.gov>; Dana Ferraro <kondos@loevy.com>; Maria Makar
> <makar@loevy.com>
> **Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-
> cv-08186
>
> In light of your 4:37 pm email, the additional point I'd like to emphasize is that it is not
> enough for the IDOC to ask employees whether they remember something or ask them

simply to look at medical records that we already have in production. Rule 30(b)(6) requires the organization to look for information responsive to a topic that is "reasonably available" to the organization. In this case, that would mean, among other things, searching for or investigating the existence of the additional / auxiliary MARs that Schulz testified staff filled out for Mr. Simmons's eye drops. If an investigation is not conducted, the IDOC's obligations under Rule 30(b)(6) will not have been fulfilled.

--

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Fri, Apr 21, 2023 at 5:02 PM Steve Weil <weil@loevy.com> wrote:

Here's a decision that I pulled after a few minutes on Westlaw

Excell insists that its designated witness was under no obligation to obtain information from the company's Indian vendors because they are third parties. (Docket No. 76, at 3-4). But that argument is beside the point in light of the fact that Pfau did not even speak to Excell's president—whom Ferullo had identified as the person at the company with knowledge on the topics at issue. (Ferullo Depo. 182). Moreover, Excell's argument finds no support in either the language of Rule 30(b)(6), which calls for testimony "about information known *or reasonably available to* the organization," Fed. R. Civ. P. 30(b)(6) (emphasis added), or case law, which requires a company witness to gather information from sources "under its control," including "documents, *past* employees, *or other sources*," *Eid*, 310 F.R.D. at 229 (emphasis added) (internal quotation marks omitted); *see also Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01-civ-3016, 2002 WL 1835439 (AGS) (HB), at *4 (S.D.N.Y. Aug. 8, 2002) ("[T]he same principle that is applied to interrogatories and document requests should also be applied to determine the scope of a party's obligation in responding to a Rule 30(b)(6) notice of deposition. There is no logical reason why the sources researched by a party in responding to a discovery request should be dependent on the particular discovery vehicle used; in all cases, the responding party should be obligated to produce the information under its control."); *Securities Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) ("In light of the affirmative duty imposed by Rule 30(b)(6), [defendant's] corporate representative was obliged to gain some understanding of the underlying facts, regardless of the source identifying the underlying facts, and to answer questions accordingly."). Here, substantially for the reasons stated by Plaintiffs in their reply memorandum of law (Docket No. 77, at 3), Excell exercised the "requisite degree of control" over its Indian vendors for information in their possession to be "reasonably available" to the company. *Eid*, 310 F.R.D. at 229.

Coty Inc. v. Excell Brands, LLC, No. 15-CV-7029 (JMF), 2016 WL 7187630, at *3 (S.D.N.Y. Dec. 9, 2016)

--

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Fri, Apr 21, 2023 at 4:51 PM Andonova Mallory, Elizabeth
<E.AndonovaMallory@ilag.gov> wrote:

> I don't think I understand your question. Can you point me to case law that
> states Corporation A is required to obtain the knowledge of Corporation B
> for 30(b)(6) purposes if Corporation B is a vendor of Corporation A?

**Elizabeth J. Andonova Mallory**
*Assistant Attorney General*
**Office of the Illinois Attorney General**
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
O: (312) 814-4355
C: (872) 272-0759

---

**From:** Steve Weil <weil@loevy.com>
**Sent:** Friday, April 21, 2023 4:40 PM
**To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
**Cc:** Chambers, Wayne <Wayne.Chambers@ilag.gov>; Daniel, Marriam
<Marriam.Daniel@ilag.gov>; Dana Ferraro <kondos@loevy.com>; Maria Makar
<makar@loevy.com>
**Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al.
18-cv-08186

Wexford the IDOC's vendor, and as such it is the IDOC's agent for purposes of the
ADA and the Rehab Act. Is the IDOC not attempting to obtain Wexford's
knowledge about the subject matter of the topic?

--

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Fri, Apr 21, 2023 at 4:37 PM Andonova Mallory, Elizabeth
<E.AndonovaMallory@ilag.gov> wrote:

> Yes, Lidia Diaz, Director of Nursing, will testify as to topics 1.4-1.7. I just
> want to note, as I'm sure you are aware, Wexford provides medical care in
> Illinois prisons and most of the medical staff at Stateville are Wexford
> employees. Diaz will have to rely on medical records for much of what is
> listed under the "Delivery of Medication" section in Judge Kim's order --
> she would not have any personal knowledge/recollection about things like
> who administered eye drops. Superintendent Darrin Hunter will testify
> regarding "the common practice IDOC followed in late 2017 and early
> 2018 for assigning on-duty correctional officers to escort inmates from
> the unit where Plaintiff was jailed to the 'diabetic line.'"
>
>
> **Elizabeth J. Andonova Mallory**
> *Assistant Attorney General*
> **Office of the Illinois Attorney General**
> 100 West Randolph Street, 13th Floor
> Chicago, Illinois 60601
> O: (312) 814-4355
> C: (872) 272-0759
>
> _____
>
> **From:** Steve Weil <weil@loevy.com>
> **Sent:** Friday, April 21, 2023 4:24 PM
> **To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
> **Cc:** Chambers, Wayne <Wayne.Chambers@ilag.gov>; Daniel, Marriam
> <Marriam.Daniel@ilag.gov>; Dana Ferraro <kondos@loevy.com>; Maria Makar
> <makar@loevy.com>
> **Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et
> al. 18-cv-08186
>
>
> Can you give us their full names please?
>
>
> Also please identify which topics each will be testifying on.
>
>  --
>
> Stephen H. Weil
>
> LOEVY & LOEVY
>
> 311 N. Aberdeen
>
> Chicago, IL 60607
>
> Tel:  312-243-5900
>
> Fax: 312-243-5902
>
> weil@loevy.com

On Fri, Apr 21, 2023 at 3:58 PM Andonova Mallory, Elizabeth
<E.AndonovaMallory@ilag.gov> wrote:

> Steve,
>
> I am preparing for trial and will be out of the office all of next week
> for it. The MET will have to be handled afterwards. My schedule fills
> up rather quickly and I am not able to keep dates on my calendar open
> indefinitely (neither does Stateville) without an NOD. Please send the
> NODs along so that we have confirmed dates that can be provided to
> the court.
>
> Best,
>
> Elizabeth
>
> **Elizabeth J. Andonova Mallory**
> *Assistant Attorney General*
> **Office of the Illinois Attorney General**
> 100 West Randolph Street, 13th Floor
> Chicago, Illinois 60601
> O: (312) 814-4355
> C: (872) 272-0759
>
> ---
>
> **From:** Steve Weil <weil@loevy.com>
> **Sent:** Friday, April 21, 2023 3:51 PM
> **To:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>
> **Cc:** Chambers, Wayne <Wayne.Chambers@ilag.gov>; Daniel, Marriam
> <Marriam.Daniel@ilag.gov>; Dana Ferraro <kondos@loevy.com>; Maria
> Makar <makar@loevy.com>
> **Subject:** Re: [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC,
> et al. 18-cv-08186
>
> Counsel do you plan to file a motion for an extension? Once it's approved
> we will notice these depositions for the dates you have provided. Please
> advise.
>
> Best regards,
>
> Steve
>
> --

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Wed, Apr 19, 2023 at 1:37 PM Steve Weil <weil@loevy.com> wrote:

> No problem holding the dates.  Please file a motion with the Court now,
> though, so that you can confirm that the Court will permit you to extend
> discovery for this reason.
>
>   --
>
> Stephen H. Weil
>
> LOEVY & LOEVY
>
> 311 N. Aberdeen
>
> Chicago, IL 60607
>
> Tel:  312-243-5900
>
> Fax: 312-243-5902
>
> weil@loevy.com
>
>
>
>
> On Wed, Apr 19, 2023 at 10:24 AM Andonova Mallory, Elizabeth
> <E.AndonovaMallory@ilag.gov> wrote:
>
>> Steve,
>>
>> The dates Wayne proposed are based on my availability, the availability of the
>> deponents, and the availability of the facility to facilitate the depositions. Those
>> are two of the earliest available dates.
>>
>> Please let Wayne know as soon as possible whether we should tell Stateville to
>> hold the two proposed dates and if they work for you, please provide a NOD.
>>
>> I'll get back to you regarding your other questions as soon as possible.

Thanks,

Elizabeth

**Elizabeth J. Andonova Mallory**

*Assistant Attorney General*

**Office of the Illinois Attorney General**

100 West Randolph Street, 13th Floor

Chicago, Illinois 60601

Office:  (312) 814-4355

Cell:     (872) 272-0759

E.AndonovaMallory@ilag.gov

_____

_____

CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

**From:** Steve Weil <weil@loevy.com>
**Sent:** Tuesday, April 18, 2023 4:12 PM
**To:** Chambers, Wayne <Wayne.Chambers@ilag.gov>
**Cc:** Andonova Mallory, Elizabeth <E.AndonovaMallory@ilag.gov>; Daniel, Marriam <Marriam.Daniel@ilag.gov>; Dana Ferraro <kondos@loevy.com>; Maria Makar <makar@loevy.com>
**Subject:** [EXTERNAL] Re: Deposition scheduling for Simmons v. IDOC, et al. 18-cv-08186

Hell Counsel,

I just spoke with Wayne.

5/18 should work.

The 6/8 date is past the 5/31 deadline set by the Court for completing the Rule 30(b)(6) depositions.  Is there any day in the 43 days between now and 5/31 that is available?  We can make multiple dates work

Two additional requests:

- Can you tell me which witnesses will be testifying about which topics?

- A number of the topics request identification of documents relating to the topic.  See, e.g., Topics 1.4 to 1.7.  Will the IDOC agree produce any such documents that the IDOC identifies in advance of the depositions?  Please note that there are existing Rule 34 requests asking for production of these documents as well.

Best regards,

Steve

  --

Stephen H. Weil

LOEVY & LOEVY

311 N. Aberdeen

Chicago, IL 60607

Tel:  312-243-5900

Fax: 312-243-5902

weil@loevy.com

On Tue, Apr 18, 2023 at 3:37 PM Chambers, Wayne <Wayne.Chambers@ilag.gov> wrote:

> Good afternoon Stephen,

> My name is Wayne Chambers Jr. and I am a paralegal from the Attorney General's Office. I'm working with attorneys Elizabeth Andonova-Mallory and Marrian Daniel to schedule depositions in the case of Simmons v. IDOC, et al. 18-cv-08186.

> We want to know if scheduling Ms. Lidia's deposition for 5/18 at 10am and 6/8 at 10am for Superintendent-Hunter will work for your schedule as well.

> Respectfully,

> **Wayne C. Chambers Jr.**

General Law Paralegal

Office of the Illinois Attorney General

100 W. Randolph Street, 13th floor

Chicago, IL 60601

Work Cell: 773-758-4628